**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-02446

CORY BENDA,

               Plaintiff,

    v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

               Defendant.

_____

### DEFENDANT'S NOTICE OF REMOVAL OF ACTION
_____

Pursuant to 28 U.S.C.A. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446, State Farm Mutual Automobile Insurance Company (hereinafter, "Defendant"), by and through its counsel, Campbell, Wagner & Frazier, LLC, hereby files its Notice of Removal of the above-captioned action to this Court, and states as follows:

1.      State Farm Mutual Automobile Insurance Company is the named defendant in Case No. 2026CV30358 in Boulder County District Court (the "State Court Action").

2.      The Complaint in the State Court Action was filed with the Clerk of the Boulder District Court, Colorado on April 29, 2026. Plaintiff served the Summons, Civil Case Cover Sheet, and Complaint on Defendant through the Corporation Service Company, its registered agent, on April 30, 2026. *See* **Exhibit A**, Affidavit of Service.

3.      To the best of Defendant's knowledge, all pleadings that have been filed in the State Court Action are attached hereto. *See* **Exhibit A**. To the best of Defendant's

knowledge, no further proceedings, process, pleadings, orders, or other papers have been filed in the State Court Action.

4.    The underlying event for Plaintiff's claim against Defendant is an alleged motor vehicle accident involving Plaintiff on July 14, 2022.

5.    Defendant avers that this Court has diversity jurisdiction over Plaintiff's claims because this is a civil action between parties of diverse citizenship.

6.    The Plaintiff is a citizen of Colorado.  As of the filing of the Complaint on April 29, 2026, the Complaint identified Plaintiff's residential address as 766 S Martin St, #B302, Longmont, CO 80501. *See* **Exhibit A**, Complaint, page 10. On July 21, 2022, Plaintiff registered to vote in Boulder County with the same residential address as noted above. *See* **Exhibit B**, Registered Voter Information. On July 14, 2022, the date of the subject accident, Plaintiff represented to the Colorado State Patrol that he resided at the same address as noted above. *See* **Exhibit C**, Traffic Accident Report.

7.    Defendant asserts that Plaintiff's domicile, and his intent to remain domiciled in Colorado, is evident by the Exhibits provided above. *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (stating, "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state"); *see also Pac. Specialty Ins. Co. v. Poirer*, No. 18-cv-00880-PAB, 2018 WL 4697323, at *1 (D. Colo. June 27, 2018) (holding that Courts typically consider several other factors in determining a party's citizenship, including voter's registration). Thus, Plaintiff is properly domiciled in Colorado and is a citizen of the State of Colorado.

8.    Defendant's principal place of business is located at One State Farm Plaza, Bloomington, Illinois. Additionally, Defendant is incorporated in Illinois. *See* **Exhibit D**, Colorado Secretary of State Periodic Report. The Parties are therefore citizens of different states and thus this civil action is one that may be removed to this Court by State Farm

pursuant to the provisions of 28 U.S.C. § 1446(a) because this Court has diversity jurisdiction.

9.      In addition to diversity jurisdiction, Plaintiff also alleges that the amount in controversy exceeds $75,000.00, as evidenced by the Civil Cover Sheet stating that he is seeking a monetary judgment for more than $100,000.00. *See* **Exhibit A**, Civil Cover Sheet, ¶ 2.

10.      Plaintiff also claims that he suffered injuries, damages and losses as a result of the motor vehicle accident that exceed the $100,000.00 policy limits held by the at-fault driver. *See* **Exhibit A**, Complaint, ¶ 15.  As such, he is seeking uninsured/underinsured motorist benefits pursuant to his two State Farm automobile policies with limits of $100,000.00 each, making the combined coverage $200,000.00.  At the same time, the Plaintiff demands damages for alleged violations of C.R.S. § 10-3-1116 at two times the covered underinsured motorist benefit, plus reasonable attorney's fees. *See* **Exhibit A**, Complaint, ¶ 65. Based on the foregoing, it can reasonably be inferred that the Plaintiff is seeking damages in excess of $75,000.00, exclusive of interest and costs.

11.      Promptly after the filing of this Notice of Removal, Defendant shall provide notice of the removal to Plaintiff in the State Court Action and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant prays that the above-described action now pending in the Boulder County District Court be removed therefrom to this Court.

Respectfully submitted this 2nd day of June, 2026.

By:    *s/ Rebecca K. Wagner*
Rebecca K. Wagner, #33473
Campbell, Wagner & Frazier, LLC
5251 DTC Parkway, Suite 400
Greenwood Village, CO 80111
Telephone:  (303) 831-5990
FAX:  (303) 832-7144
Email:  rwagner@cwf-law.net
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of June, 2026, I presented the foregoing **DEFENDANT'S NOTICE OF REMOVAL OF ACTION** to the Clerk of the Court for filing and uploading to the CM/ECF system.

*s/ Emily Amon*
Emily Amon

4