<table>
<tr><td colspan="2">BOULDER COUNTY DISTRICT COURT, BOULDER COUNTY, COLORADO</td><td rowspan="3">DATE FILED<br>April 29, 2026 11:04 AM<br>FILING ID: 724E33372B937<br>CASE NUMBER: 2026CV30358</td></tr>
<tr><td>Court Address:</td><td>Boulder County District Court<br>1777 6th Street<br>Boulder, CO 80302<br>Telephone: (303) 441-3750</td></tr>
<tr><td>**Plaintiff:**<br><br>v.<br><br>**Defendant:**</td><td>**CORY BENDA**<br><br><br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**</td></tr>
<tr><td></td><td></td><td>▲ **COURT USE ONLY** ▲</td></tr>
<tr><td>**Attorney for:**<br>Name:<br>Address:<br><br><br>Phone Number:<br>Atty.Reg.#:<br>Email:</td><td>**Plaintiff**<br>Lance Taylor<br>Bachus and Schanker, LLC<br>1801 California Street, Suite 4800<br>Denver, Colorado 80202<br>(303) 893-9800<br>50349<br>Lance.Taylor@coloradolaw.net</td><td>Case Number:<br><br><br><br><br>Div.:</td></tr>
<tr><td colspan="3" align="center">**COMPLAINT AND JURY DEMAND**</td></tr>
</table>

Plaintiff Cory Benda, by and through undersigned attorney of Bachus and Schanker, LLC, hereby submits a Civil Complaint and Jury Demand against Defendant State Farm Mutual Automobile Insurance Company, as follows:

## JURISDICTION AND VENUE

1.     At all relevant times, Plaintiff resided in Boulder County, Colorado.

2.     Upon information and belief, Defendant State Farm Automobile Insurance Company ("State Farm") is an Illinois corporation engaged in the business of insurance..

3.     The automobile collision that gives rise to this action happened in Boulder, County, Colorado.

4. Jurisdiction and venue are proper in the District Court for Boulder County, Colorado.

### FACTUAL ALLEGATIONS

5. On 07/14/2022, at approximately 7:25 p.m., Plaintiff Cory Benda was the driver of a 1996 Mazda Miata MX5 traveling westbound on Niwot Road approaching 55th Street in Longmont, Colorado.

6. On the same date and time, Tanya Sims was the driver of a 2022 BMW 530i also traveling westbound on Niwot Road, behind Plaintiff.

7. As Plaintiff slowed with his left turn signal having been activated to turn south onto 55th Street, Defendant negligently crossed over double yellow center lines to pass Plaintiff via the eastbound lane of traffic on Niwot Road and negligently caused the vehicle Defendant was driving to collide with the vehicle Plaintiff was driving.

8. Tanya Sims' negligence and negligence per se were the proximate causes of the collision.

9. At the time of the collision, Plaintiff was covered by a State Farm Underinsured policy of insurance, policy number 468 0000-B14-06.

10. At the time of the collision, Plaintiff was covered by a State Farm Underinsured policy of insurance, policy number 468 0001-E23-06.

11. Plaintiff notified Defendant State Farm of this loss in July of 2022.

12. Plaintiff filed suit against Tanya Sims on June 12, 2023 in 2023CV030413.

13. Defendant State Farm consented to the settlement of the $100,000.00 policy limits available to Tanya Sims on November 7, 2023.

14. Plaintiff settled his lawsuit against Tanya Sims on May 21, 2024 for the policy limits of $100,000.00.

15.     Plaintiff's damages exceed the policy limits available to Tanya Sims.

16.     At the time of the aforementioned incident, Plaintiff was covered by a policy of underinsured motorist insurance through Defendant State Farm that provides for coverage for losses caused by uninsured/underinsured motorists, such as Tanya Sims.

17.     Prior to this collision, insurance premiums were paid to Defendant State Farm for the above-mentioned coverage and policy of insurance. Defendant State Farm accepted the premium payments with the promise that it would provide the coverage stated in the policy of insurance and in accordance with the requirements of Colorado law.

18.     The relevant State Farm policy remained current and in effect during all times relevant to this Civil Complaint and Jury Demand.

19.     Plaintiff is entitled to recover benefits pursuant to the underinsured motorist coverage of the applicable State Farm insurance policy for the negligent actions of underinsured drivers such as Tanya Sims.

20.     Defendant State Farm steps into the shoes of the tortfeasor, Tanya Sims, under Plaintiffs' underinsured motorist insurance contract for Plaintiff's damages in excess of the underlying policy limits.

21.     On May 20, 2024, Plaintiff provided Defendant State Farm with all of the medical records and bills needed to complete their valuation of Plaintiff's claim.

22.     Plaintiff provided Defendant State Farm with a medical authorization allowing them to obtain all necessary medical records and bills to complete their valuation on August 15, 2024.

23.     Despite having received this medical authorization from Plaintiff, Defendant State Farm continued to ask for a signed medical authorization at regular intervals.

24.	Upon information and belief, Defendant State Farm utilized this authorization to obtain any medical records and  bills needed to complete their valuation in October of 2024.

25.	Upon information and belief, as of October 2024, Defendant State Farm had all the information necessary to complete their valuation of Plaintiff's claim.

26.	On November 24, 2025, Plaintiff submitted a formal request for valuation to Defendant State Farm, including all medical records and bills needed to complete their valuation.

27.	On December 4, 2025, Defendant State Farm provided Plaintiff with the records and bills obtained in October of 2024.

28.	On December 8, 2025, Defendant State Farm emailed Plaintiff stating that they do not have an evaluation/offer to provide because they were unable to access the medical records and bills sent by Plaintiff.

29.	On December 30, 2025, Defendant State Farm Informed Plaintiff that their valuation was not complete because they claimed two of the bills provided by Plaintiff were not legible. Defendant State Farm made no mention at this time of the bills they had obtained in October of 2024.

30.	On January 23, 2026, Defendant State Farm informed Plaintiff that: "Upon reviewing his bills and records, it appears your client had far more treatment than we would expect to see ina case with minor to moderate property damage. At this time there are questions as to whether some of Mr. Benda's treatment is reasonable and related to this accident alone, therefore we will require additional review to consider it."  Defendant State Farm does not explain why they did not perform this review in October 2024.

31.	In the same January 23, 2026 letter, Defendant State Farm requests Plaintiff provide  a

4

complete set of records for treatment rendered with all of his providers for the last 3 years prior to this motor vehicle collision.  Defendant State Farm does not explain why they did not obtain these records in October 2024 with the provided medical authorization.

## CLAIMS HANDLING STANDARDS APPLICABLE TO

## FIRST-PARTY INSURANCE CLAIMS

32.    It is an industry standard in the insurance industry for insurance companies to treat policyholders' interests with equal regard as it does its own interests.

33.    It is an industry standard in the insurance industry for claims examiners to assist policyholders with their claims.

34.    It is an industry standard in the insurance industry for insurance companies to conduct a full, fair, and prompt investigation of a claim at its own expense.

35.    It is an industry standard in the insurance industry for insurance companies to conduct objective investigations.

36.    It is an industry standard in the insurance industry for insurance companies to fully, fairly, and promptly evaluate and adjust claims.

37.    It is an industry standard in the insurance industry for insurance companies to fairly, reasonably, and promptly pay claims if payment is warranted.

38.    It is an industry standard in the insurance industry for insurance companies to avoid denying claims or parts of claims based on insufficient information, speculation, or biased information.

39.    It is an industry standard in the insurance industry for insurance companies to promptly provide a reasonable explanation of the basis in the insurance policy in light of the facts and applicable law for denial of a claim.

40.    It is an industry standard in the insurance industry for insurance companies to not make unreasonably low settlement offers to policyholders.

41.    It is an industry standard in the insurance industry for insurance companies to not ignore evidence that supports coverage or the payment of benefits.

42.    It is an industry standard in the insurance industry for insurance companies to acknowledge and act reasonably promptly upon communications with respect to claims.

43.    It is an industry standard in the insurance industry for insurance companies to adopt and implement reasonable standards for the full, fair, and prompt investigation of claims.

44.    It is an industry standard in the insurance industry for insurance companies to not refuse to pay claims without conducting a reasonable investigation based on all available information.

45.    It is an industry standard in the insurance industry for insurance companies to affirm or deny coverage of claims within a reasonable time after the claim is complete.

46.    It is an industry standard in the insurance industry for insurance companies to base coverage and claim decisions on information that is in front of them at the time the decision is made.

47.    It is an industry standard in the insurance industry for insurance companies not to base coverage and claim decisions on speculation.

48.    It is an industry standard in the insurance industry for insurance companies to not ignore information that is in front of them in order to deny claims.

## FIRST CLAIM FOR RELIEF
(Underinsured Motorist Coverage)

49.    Plaintiff incorporates all previous allegations as if more fully set forth herein *verbatim*.

50.    At the time of the aforementioned collision, Plaintiff was a covered by a contract of insurance with Defendant State Farm.

51.    The applicable State Farm insurance policy includes underinsured motorist bodily injury coverage, which provides that Defendant State Farm will pay for damages and bodily injuries sustained by Plaintiff when he is injured by a negligent underinsured driver.

52.    Tanya Sims was a negligent underinsured driver.

53.    Plaintiff has satisfied conditions precedent under the State Farm insurance policy and is eligible to recover underinsured motorist benefits under said policy.

54.    Defendant State Farm has not completed its valuation of benefits owed to Plaintiff under the terms of State Farm policy after more than a year, therefore Plaintiff is instituting this court action to resolve benefits to which Plaintiffs are entitled under the applicable State Farm policy.

55.    Defendant State Farm is liable for Plaintiff's injuries and damages as set forth above, including past and future economic and non-economic damages and physical impairment and disfigurement.

## SECOND CLAIM FOR RELIEF
### (BAD FAITH BREACH OF INSURANCE CONTRACT)

56.    Plaintiffs incorporates all previous allegations as if more fully set forth herein *verbatim*.

57.    As a provider of insurance services to the public, Defendant at all times had a duty to be

actuated by good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

58.     Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insureds.  Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Mr. Benda an obligation to treat her interests with equal consideration to their own interests.

59.     Defendant has breached its duty of good faith and fair dealing owed to Mr. Benda, including, but not limited to:

a.      Failing to give equal consideration to the interests of Mr. Benda, its insured;

b.      When investigating Mr. Benda' claims, failing to diligently search for evidence that supported their insured's (Mr. Benda') claims;

c.      Seeking to discover only evidence that defeated their insured's (Mr. Benda') claims;

d.      Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard or a lack of reasonable basis for delaying and/or withholding benefits;

e.      Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

f.      Refusing to pay claims without conducting a reasonable investigation based upon all available information;

g.      Not attempting in good faith to effectuate prompt, fair and equitable settlements

of claims after its liability has become reasonably clear;

h.      Compelling Mr. Benda to institute litigation to recover amounts due under the insurance policy by offering substantially less than the amounts Mr. Benda is entitled to recover;

i.      Forcing Mr. Benda into the costly and lengthy process of litigation;

j.      Any further acts which may be discovered.

60.     Defendant's conduct was unreasonable and Defendant either knew such conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

61.     As a direct and approximate result of Defendant's breach of its duty of good faith and fair dealing, Mr. Benda has sustained damages in the amount to be proved at trial.

## THIRD CLAIM FOR RELIEF
### (VIOLATION OF C.R.S. § 10-3-1115(1)(A) AND C.R.S. § 10-3-1116(1))

62.     Plaintiff incorporates all previous allegations as if more fully set forth herein *verbatim*.

63.     Defendant's delay and/or denial of Mr. Benda' claim for underinsured motorist benefits is unreasonable.

64.     Defendant's delay and/or denial of payment was without a reasonable basis.

65.     Pursuant to C.R.C.P. 10-3-1116(1), Mr. Benda is entitled to reasonable attorney's fees and two times the covered benefit.

## FOURTH CLAIM FOR RELIEF
### (COMMON LAW BAD FAITH)

66.     Plaintiff incorporates all previous allegations as if more fully set forth herein *verbatim*.

67.     Defendant's delay and/or denial of Mr. Benda' claim for underinsured motorist benefits

is unreasonable.

68.     Defendant's delay and/or denial of payment was without a reasonable basis.

69.     Defendant's conduct in delaying Mr. Benda's claim for underinsured motorist benefits is below industry standards.

70.     Defendant's conduct was willful and wanton.


**WHEREFORE,** the Plaintiff seeks a judgment against Defendant State Farm in an amount to be determined at trial for damages, including past and future: economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses; noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement; attorney's fees;  double the covered benefit; interest on all damages at the highest rate allowed by law computed from the date of the injury; costs and expenses; and any other relief the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial to a jury of six (6) on all triable issues

**DATED:** April 20, 2026.

BACHUS & SCHANKER, LLC

_____
Lance Taylor, Esq.


Plaintiff's Address
766 S Martin St #B302
Longmont, CO 80501